UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN CORTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANAVEX LIFE SCIENCES CORP., CHRISTOPHER U. MISSLING, SANDRA BOENISCH, and ATHANASIOS SKARPELOS,<br><br>Defendants. | Case No. 1:15-cv-10162-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAM TRUONG FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................... I

TABLE OF AUTHORITIES ....................................................................................... II

PRELIMINARY STATEMENT................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ................................................................................................................ 4

I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .............. 4

     A.    The Procedure Required by the PSLRA .......................................................... 4

          1.  Movant Is Willing to Serve as Class Representative ............................... 5

          2.  Movant has the Requisite Financial Interest in the Relief Sought by the Class ........................................................................................................ 5

     B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ........................................................................................................ 6

          1.  Movant's Claims are Typical of the Claims of all the Class Members ....... 7

          2.  Movant Will Adequately Represent the Class ........................................... 8

II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED .................... 9

CONCLUSION ............................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992).................................................................................8

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982) ...........................................................................................7

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998)..............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................7

*In re Party City Secs. Litig*,
  189 F.R.D. 91 (D.N.J. 1999)................................................................................6

*In re Razorfish, Inc. Secs. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001) .................................................................2

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993).................................................................................7

*Schulman v. Lumenis, Ltd.*,
  2003 WL 21415287 (S.D.N.Y June 18, 2003)....................................................6

*Smith v. Suprema Specialties, Inc.*,
  206 F. Supp. 2d 627 (D.N.J. 2002)......................................................................2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003)..................................................................... 6, 7

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)............................................................................ 7, 8

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001)............................................................... 5, 6, 7, 8

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)......................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................... passim

15 U.S.C. § 78u-4(e) ........................................................................................................ 6

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................ passim

**PRELIMINARY STATEMENT**

Presently pending before the Court is the above captioned action (the "Action") brought on behalf of all persons other than defendants who purchased or otherwise acquired Anavex Life Sciences Corp. ("Anavex" or the "Company") securities between May 17, 2013 and December 28, 2015, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Christopher U. Missling ("Missling"), Sandra Boenisch ("Boenisch"), and Athanasios Skarpelos ("Skarpelos") (all defendants other than the Company, collectively, the "Individual Defendants").[1]

Movant Lam Truong ("Movant") lost approximately $29,111.92 as a result of the alleged acts and omissions during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (b) for approval of its selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel.

Movant believes that he has the largest financial interest in the outcome of the case.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately

---

[1] Specifically, Plaintiff in the Action alleges that all defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated under the Exchange Act, as well as Section 20(a) of the Exchange Act.

[2] Movant's certification identifying his transactions in Anavex securities, as required by the PSLRA, as well as a chart identifying his losses are attached collectively to the Declaration of Adam M. Apton ("Apton Decl."), dated February 29, 2016, as Exhibits A and B, respectively.

1

represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

## STATEMENT OF FACTS

Anavex is a biopharmaceutical company engaged in the discovery and development of drugs to treat Alzheimer's disease, central nervous system diseases, and various cancers. ¶ 2.[4] The Complaint alleges that throughout the Class Period, the Company failed to disclose that it used a paid stock promoter to artificially inflate its share price. ¶ 4.

Throughout the Class Period, the Company filed a series of quarterly reports on Forms 10-Q with the United States Securities and Exchange Commission ("SEC") disclosing its financial and operating results. ¶¶ 22, 25, 29, 31, 33, 37. Each of these forms contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"). ¶¶ 23, 26, 30, 32, 34, 38, 40, 42. These certifications were signed by either Defendant Missling or Defendant Skarpelos and stated that all financial information contained in their respective filings was accurate. *Id.*

---

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Anavex securities during the Class Period and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[4] Citations to "¶ __" are to paragraphs of the Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the Action. The facts set forth in the Complaint are incorporated herein by reference.

Additionally, during the Class Period, the Company also filed annual reports on Forms 10-K with the SEC that announced Anavex's financial results for the fourth fiscal quarter and fiscal year end. ¶¶ 27, 35. Each Form 10-K contained a SOX certification signed by Defendant Missling that stated all the financial information included therein was accurate. ¶¶ 28, 36.

Then, on November 11, 2015, the truth began to emerge when *Seeking Alpha* published a report disclosing that since the spring of 2013 the Company had been utilizing undisclosed paid stock promoters to artificially increase Anavex's stock price. ¶ 44. Additionally, this report disclosed that the British Columbia Securities Commission ordered the suspension of trading in Anavex's shares following unusual activity and reports of paid promotions. *Id.*

Thereafter, prior to the market opening on December 29, 2015, the Company filed its annual report on Form 10-K with the SEC announcing Anavex's financial and operating results for the fourth fiscal quarter and full fiscal year. ¶ 45. In this Form 10-K the Company disclosed that it received a subpoena from the SEC on December 22, 2015 in relation to the unusual activity in the market for the Company's shares. ¶ 46. On this news, the stock fell $0.72, or approximately 10.24%, to close at $6.31 that same day. ¶ 47.

Finally, on December 30, 2015, a report was published on *Seeking Alpha* that elaborated on the subpoena the Company received from the SEC. ¶ 49. In relevant part, this report stated the Company relied on The Primoris Group for publicity despite its suspected involvement in pump-and-dump schemes. *Id.* Upon this news, Anavex stock fell $0.78, or approximately 12.42%, to close at $5.50 on December 30, 2015. ¶ 50.

**ARGUMENT**

I.   **THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

   A.   **The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

     (aa)  has either filed the complaint or made a motion in response to a notice;

     (bb)  in the determination of the court, have the largest financial interest in the relief sought by the class; and

     (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1. Movant Is Willing to Serve as Class Representative

On December 30, 2015, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Anavex and which advised putative class members that they had until February 29, 2016 to file a motion to seek appointment as a lead plaintiff in the action.[5] Movant has reviewed a complaint filed in the pending Action and has timely filed its motion pursuant to the Notice.

### 2. Movant has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of

---

[5] On December 30, 2015, the Notice was published over *Globe Newswire,* a widely circulated national business oriented wire service. *See* Apton Decl. Exhibit C.

the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Anavex securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. Movant suffered a substantial loss of $29,111.92. *See* Apton Decl., Exhibit B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### B. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering

only typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg,* 216 F.R.D. at 252. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### 1. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415. Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

7

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Anavex securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but the Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant

has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## II.     MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Apton Decl. Ex. D (the firm resume of Levi & Korsinsky).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  February 29, 2016               Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ Adam M. Apton
Nicholas I. Porritt
Adam M. Apton
30 Broad Street
24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for the Proposed Lead Plaintiff Lam Truong and Proposed Counsel for the Class*