**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN CORTINA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>ANAVEX LIFE SCIENCES CORP., CHRISTOPHER U. MISSLING, SANDRA BOENISCH, and ATHANASIOS SKARPELOS,<br><br>                    Defendants. | No. 1:15-cv-10162-JMF<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF STANLEY GUNAWAN
AND STEPHEN LIN'S MOTION FOR APPOINTMENT
<u>AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

Stanley Gunawan and Stephen Lin ("Movants") respectfully submit this memorandum of law in support of their motion to appoint Movants as lead plaintiff and to approve Glancy Prongay & Murray LLP and Pomerantz LLP as co-lead counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of purchasers of Anavex Life Sciences Corp. ("Anavex" or the "Company") securities.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the person or group of persons with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on their financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Glancy Prongay & Murray LLP and Pomerantz LLP as co-lead counsel should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of a putative Class comprising all persons or entities that purchased Anavex securities between May 17, 2013 and December 28, 2015,

inclusive (the "Class Period"). Plaintiffs seek to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Anavex is a clinical stage biopharmaceutical company that designs therapeutic treatments of neurodegenerative diseases, such as Alzheimer's disease. On December 29, 2015, premarket, the company revealed that on December 22, 2015 the U.S. Securities and Exchange Commission had subpoenaed the company. Anavex mentioned, in part, that "[t]he Company believes the subpoena and investigation relate to the recent unusual activity in the market for the Company's shares." Upon this news, on December 29, 2015, Anavex stock opened at $5.96 from a previous close of $7.03, and in early trading dropped as low $5.54, or 21.19% on heavy volume.

According to the lawsuit, throughout the Class Period, Defendants issued materially false and misleading statements to investors and/or failed to disclose the following: (1) Anavex had used a paid stock promoter to artificially inflate Anavex's share price; and (2) as a result of the foregoing, Defendants' statements about its business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

## II.     PROCEDURAL HISTORY

Plaintiff Kevin Cortina ("Cortina") commenced the above-captioned case against Anavex on December 30, 2015. That same day, counsel for Cortina published a notice on *Globe Newswire*, announcing that a securities class action had been initiated against Defendants herein.

## III.    ARGUMENT

### A.    Movants Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

    (aa) will not fairly and adequately protect the interest of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation, and they meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

On December 30, 2015, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Cortina published a notice of the pendency of Cortina's case on *Globe Newswire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Defendants herein and advising purchasers of Anavex securities that they had 60 days from the publication of the December 30, 2015 notice to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy in Support of Stanley Gunawan and Stephen Lin's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Portnoy Decl.") at Exhibit ("Exh.") A; *Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movants timely file this motion within the 60-day period following publication of the December 30, 2015 PSLRA notice, submit herewith their sworn certifications and attest they are willing to serve as representatives of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Exh. B. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

As of the time of the filing of this motion, Movants believe they have the largest financial interest of any of the lead plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[1]

During the Class Period, (1) Movants purchased over 32,000 shares of Anavex common stock; (2) expended approximately $190,000 on their purchases of Anavex stock; and, (3) as a result of the revelations of the fraud, suffered a loss of approximately $36,290.95. *See* Portnoy Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *v. Federal Cortinae Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a.   Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose,* 2008 WL 4974839 at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Anavex's business, operations and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Anavex securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

6

### b. Movants Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Portnoy Decl., Exh. C. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have retained Glancy Prongay & Murray LLP and Pomerantz LLP to pursue this litigation on their behalf and will retain the firms as the Class's co-lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP and Pomerantz LLP possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Portnoy Decl. as Exhs. D and E. Thus, the Court may be assured that by granting Movants' Motion, the Class will receive the highest caliber of legal representation.

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request the Court to grant their Motion and enter an Order (1) appointing Movants as lead plaintiff; (2) approving their selection of Glancy Prongay & Murray LLP and Pomerantz LLP as co-lead counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

                Respectfully submitted,

DATED: February 29, 2016    **GLANCY PRONGAY & MURRAY LLP**

                By: *s/ Lesley F. Portnoy*
                Lesley F. Portnoy (LP-1941)
                122 East 42nd Street, Suite 2920
                New York, New York 10168
                Telephone: (212) 682-5340
                Facsimile: (212) 884-0988
                lportnoy@glancylaw.com

                **GLANCY PRONGAY & MURRAY LLP**
                Lionel Z. Glancy
                Robert V. Prongay
                Casey E. Sadler
                1925 Century Park East, Suite 2100
                Los Angeles, California 90067
                Telephone: (310) 201-9150
                Facsimile: (310) 201-9160
                info@glancylaw.com

                **POMERANTZ LLP**
                Jeremy Lieberman
                J. Alexander Hood II
                600 Third Avenue, 20th Floor
                New York, New York 10016
                Telephone: (212) 661-1100
                Facsimile: (212) 661-8665
                jalieberman@pomlaw.com
                ahood@pomlaw.com

                *[Proposed] Co-Lead Counsel for Movants*
                *and the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK ECF AND LOCAL RULES AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 29, 2016, I served true and correct copies of **MEMORANDUM OF LAW IN SUPPORT OF STANLEY GUNAWAN AND STEPHEN LIN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 29, 2016, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

# Mailing Information for a Case 1:15-cv-10162-JMF Cortina v. Anavex Life Sciences Corp et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David H. Kistenbroker**
  david.kistenbroker@dechert.com,nycmanagingclerks@dechert.com,nicole.ladue@dechert.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Melanie C MacKay**
  melanie.mackay@dechert.com,nicole.ladue@dechert.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`