UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN CORTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANAVEX LIFE SCIENCES CORP., CHRISTOPHER U. MISSLING, SANDRA BOENISCH, and ATHANASIOS SKARPELOS,<br><br>　　　　　　　Defendants. | Case No. 1:15-cv-10162-JMF<br><br>**MOVANT LAM TRUONG'S OPPOSITION TO PHILLIP DIN'S SECOND MOTION FOR LEAVE TO FILE REPLY** |

　　　　Movant Lam Truong ("Truong") opposes Phillip Din ("Din")'s motion for leave to file a reply. This is the second time Din is seeking to leave to file a reply—the first time was in response to the Court's initial briefing schedule (Dkt. No. 13 at p. 2) and now, the second time, in response to the Court's order at the hearing held on March 10, 2016 (Dkt. No. 48 at p. 33). The only additional information the Court requested during the March 10, 2016 hearing was the 90-day mean trading prices. *Id.* There is no need for additional briefing on this issue. Indeed, given the strong precedent in favor of excluding the vast majority of Din's losses (because they occurred prior to any pleaded corrective disclosure), any remaining issues concerning the 90-day mean trading prices are moot. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95F. Supp. 3d 607, 618-20 (S.D.N.Y. 2015); *Porzio v. Overseas Shipholding Group*, No. 12 Civ. 7948, 2013 U.S. Dist. LEXIS14463, at *35 (S.D.N.Y. Feb. 1, 2013).[1]

---

[1] Din's reliance on the doctrine of incorporation by reference does not change the outcome on this issue, especially in light of the fact that Din is asking the Court to consider an article that is not even referenced in the operative pleading. As the Court stated on March 10, 2016, Din is "taking things a little far" by asking the Court to "consider anything that's incorporated by reference and then anything that's incorporated by reference into what's incorporated by reference." Dkt. No. 48 at p. 14.

1

Din's motion for leave to file a reply should also be denied because it materially misstates Truong's arguments. In his Response to the Court's Order dated March 10, 2016 (Dkt. No. 44), Truong explained that approximately $2,000 of Din's losses was in fact prohibited under the PSLRA's "Limitation on damages" section. Pursuant to Subsection (e)(2) of the PSLRA, a plaintiff's damages are limited in scenarios where the plaintiff sells his or her shares prior to the expiration of the 90-Day Look-Back period. 15 U.S.C. § 78u-4(e)(2). Where, as here, a plaintiff sells his or her shares before the expiration of the 90-Day Look-Back period, damages are limited to the difference between (a) the price paid for the shares and (b) *the mean trading price of the shares for the period between the corrective disclosure and sale of the shares*. *Id*. Importantly, the price at which the shareholder ultimately sells his or her shares is of no relevance.

Din sold 170 shares of Anavex stock on November 9, 2015 for $6.19 per share. On November 10, 2015, Din sold 10,600 shares for $4.03 per share and 20,184 shares for $4.02 per share. Pursuant to 15 U.S.C. § 78u-4(e)(2), Din's damages on these transactions are limited to the difference between his purchase prices and the *mean trading price* of the shares for the period between the corrective disclosure and the date he sold his shares. Again, the PSLRA does not consider the price at which Din actually sold these shares.

Applying Subsection (e)(2) to Din's transactions yields a loss of approximately $2,000 less than the amount Din claims.[2] Accordingly, movant Truong's loss of either $27,730.37 or $27,892.70 (as illustrated by Din in his proposed reply, Dkt. No. 54-1 at p. 3) is greater than Din's loss of approximately $26,800. Contrary to Din's description of Truong's argument on this point,

---

[2] Din sold his shares on November 9 and 10, 2015, supposedly in response to a corrective disclosure in November 9, 2015. The *mean trading price* for Anavex shares between the date of the corrective disclosure (Nov. 9) and the dates Din sold his shares is $6.20 per share (Nov. 9) and $5.82 per share (Nov. 10) (according to Yahoo! Finance). Consequently, Din's losses on these shares are equal to the amounts indicated in Truong's Response to the Court's Order dated March 10, 2016 (Dkt. No. 44 at p. 7).

the reduction of Din's losses under Subsection (e)(2) of the PSLRA does not involve the application of the 90-day Look-Back value described in Subsection (e)(1) of the PSLRA.

Truong respectfully requests that Din's motion for leave to file a second reply be denied. Alternatively, if the Court is inclined to grant leave, then Truong requests an opportunity to respond to the arguments raised by Din in his proposed reply.

Dated: March 31, 2016                                Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ Adam M. Apton_____
Nicholas I. Porritt
Adam M. Apton
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for the Proposed Lead Plaintiff Lam Truong and Proposed Counsel for the Class*

4848-2115-8703, v. 1

3