USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/05/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KEVIN CORTINA,                              :
:
                Plaintiff,    :    15-CV-10162 (JMF)
:
     -v-                                    :    MEMORANDUM OPINION
:    AND ORDER
ANAVEX LIFE SCIENCES CORP., et al.,         :
:
                Defendants.   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 30, 2015, Plaintiff Kevin Cortina filed a putative class action lawsuit on behalf of purchasers of Anavex Life Sciences Corp. securities between May 17, 2013, and December 28, 2015. (*See* Compl. (Docket No. 1) ¶ 1). His Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rule 10b-5, promulgated thereunder. The same day that Cortina filed his Complaint, he also published notice of the lawsuit, in accordance with the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A). (*See* Docket Nos. 12-13). On February 29, 2016, three motions were filed with respect to appointment of a lead plaintiff: one by Phillip Din (Docket No. 17); one by Lam Truong (Docket No. 20); and one by Stanley Gunawan and Stephen Lin, proceeding jointly (Docket No. 23). *See* 15 U.S.C. § 78u-4(a)(3)(A) (providing that, "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class"). On March 10, 2016, the Court held a conference with respect to the motions and denied Gunawan and Lin's motion. (*See* Docket No. 48 (Transcript)). The Court reserved judgment on the other two motions, in part because the "90-day lookback period" used to calculate damages under the PSLRA — and thus

the sizes of Din's and Truong's losses — had not yet run its course.  *See* 15 U.S.C. § 78u-4(e)(1). The Court directed Din and Truong to submit a final calculation of the 90-day lookback period value after that period had run, which they did on March 30, 2016.  (Docket No. 53).

The PSLRA directs courts to presume that the most adequate lead plaintiff is the movant who, "in the determination of the court, has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  The statute does not define "largest financial interest," but "courts have generally relied on" four factors identified in *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), commonly known as "the *Lax* factors."  *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011); *see, e.g.*, *Hom v. Vale, S.A.*, No. 15-CV-9539 (GHW), 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127-28 (S.D.N.Y. 2011). The four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."  *Richman*, 274 F.R.D. at 475.  Courts tend to treat the factors in ascending order of importance, with the number of shares purchased as the least important and the size of the loss the most important, but each factor is "only a proxy — and an imperfect one — for determining" which applicant for lead plaintiff has "the largest financial interest."  *Id.* at 476.

In the present case, Din and Truong spill considerable ink over the size of Din's losses — in particular, over whether all of his stock sales count or some should be disregarded because they predate the corrective disclosures alleged in the Complaint; over whether a news article that arguably qualified as a partial corrective disclosure was disseminated to the public on November 9 or November 11, 2015; over whether the 90-day lookback period began on December 29 or 30,

2015; and over whether his losses should be calculated using the last-in-first-out ("LIFO") or first-in-first-out ("FIFO") method. (*See, e.g.*, Docket Nos. 18, 21, 29, 30, 38, 43-45, 54, and 55). The Court need not resolve these disputes, however, because it finds that, even if all of them were resolved in Din's favor, the *Lax* factors ultimately weigh in Truong's favor. With respect to the fourth and arguably most important factor, Din suffered a financial loss that is at most $1,132.04 greater than Truong's loss — or roughly 3.5% of each movant's total loss. (*See* Movant Phillip Din, M.D.'s Reply Response Movant Lam Truong's Resp. March 17, 2016 (Docket No. 54, Ex. A) 3). The "least important" factor, total shares purchased, also weighs in Din's favor, as he purchased 30,973 shares to Truong's 6,764. (*See* Movant Lam Truong's Resp. Court's Order Dated Mar. 10, 2016 (Docket No. 44) 4). But the second and third factors — net shares purchased and net funds expended — heavily favor Truong: 6,764 net shares and $57,783 net funds for Truong versus 20 and $29,257 for Din. (*Id.*). Given that, *at best*, the total loss factor only slightly favors Din (and, in actual fact, the factor might either tip in Truong's favor or be in near equipoise), and that the two net factors heavily favor Truong, the Court finds that Truong has "the largest financial interest in the relief sought by the class." *See, e.g.*, *Richman*, 274 F.R.D. at 476 (noting that each factor is an "imperfect" proxy for determining financial interest); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, No. 06-CV-5797 (PAC), 2007 WL 7952453, at *2 (S.D.N.Y. 2007) (appointing as lead a plaintiff whose losses were approximately 2% smaller than the losses of another movant based on the other *Lax* factors).[1]

---

[1]  Din cites *In re Gentiva Securities Litigation*, 281 F.R.D. 108 (E.D.N.Y. 2012), for the proposition that when "there are two or more 'partial disclosures,' the net shares purchased and net expenditure numbers become irrelevant because they give the impression that investors who sold after the first partial disclosure have not suffered a loss." (Lead Pl. Movant Phillip Din's Suppl. Br. Further Supp. His Lead Pl. Mot. (Docket No. 45) 8 n.4). The Court does not read *Gentiva* that way. The Court there rejected the argument that the net shares factor automatically outweighs financial loss in a partial disclosure situation. It did not, however, hold that the net numbers were irrelevant; in fact, the Court noted that when the difference in total loss is marginal, as it is here, courts often weigh the other *Lax* factors more heavily. *See Gentiva*, 281

The Court also finds that Truong satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, substantially for the reasons stated in his opening brief.  (*See* Mem. Law Supp. Mot. Lam Truong Appointment Lead Pl. (Docket No. 21) ("Truong Mem.") 6-9).  Significantly, as part of a PSLRA lead plaintiff motion, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252-53 (S.D.N.Y. 2003).  Truong satisfies the typicality requirement, because he claims to have suffered losses from Defendants' alleged misconduct during the class period; he satisfies the adequacy requirement, because his interests are aligned with those of the class and he has retained experienced counsel.  (*See* Truong Mem. 7-8).  *See also Weinberg*, 216 F.R.D. at 253.

For the foregoing reasons, Truong's motion to be appointed lead plaintiff is GRANTED, and Din's motion is DENIED.[2]  As stated at the March 10, 2016 conference, within **one week** of the date of this Order, Lead Plaintiff and Defendants shall submit a joint letter setting forth a proposed schedule for amending the Complaint and briefing any motion to dismiss.

The Clerk of Court is directed to terminate Docket Nos. 17, 20, 23, and 54.

SO ORDERED.

Dated: April 5, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

F.R.D. at 118.  The Court went on to reject one of the lead plaintiff movants not just on the basis of total financial loss, but also because it was an aggregated group of unrelated entities.  *Id.* at 119-20.  *Gentiva* therefore does not alter this Court's analysis or conclusion.

[2]   On March 30, 2016, Din moved for leave to file an additional reply (which was attached to the motion itself).  (Docket No. 54).  The Court considered the reply in connection with its decision.  Accordingly, Din's motion is granted.