| | |
|---|---|
| KEVIN CORTINA, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 15-cv-10162 ) ) Hon. Jesse M. Furman |
| Plaintiff, | ) ) |
| v. | ) ) |
| ANAVEX LIFE SCIENCES CORP., CHRISTOPHER U. MISSLING, SANDRA BOENISCH, and ATHANASIOS SKARPELOS, | ) ) ) ) ) |
| Defendants. | ) ) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs recently notified this Court of Judge Colleen McMahon's decision in *Guevoura Fund LTD. v. Sillerman et al.*, Case No. 1:15-cv-07192 (CM) (S.D.N.Y. Sept. 12, 2016) (Dkt. No. 104) ("*Sillerman*"). Plaintiffs contend that *Sillerman* sets forth the correct pleading burden for manipulative act claims and suggest that plaintiffs need not plead specific allegations as to each individual defendant. *Sillerman*, however, does not articulate the full requirements of Rule 9(b) under Second Circuit precedent. Nor does it reverse the well-established rule that plaintiffs ***must*** plead scienter as to each individual defendant and cannot rely on the group pleading doctrine. As such, it has no bearing on the outcome of Defendants' pending Motion to Dismiss.

As the Court in *Sillerman* correctly noted, the Second Circuit has held that "a manipulation complaint must plead with particularity the nature, purpose, and effect of the fraudulent conduct and the roles of the defendants." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.* ("*ATSI*"), 493 F.3d 87, 102 (2d Cir. 2007). But in the very next sentence, the Second Circuit clarified that "[g]eneral allegations not tied to the defendants or resting upon speculation are insufficient," and that Rule 9(b) requires plaintiffs to identify "what manipulative acts were performed, which defendants

1

performed them, when the manipulative acts were performed, and what effect the scheme had on the market for the securities at issue." *Id.; In re Blech Sec. Litig.*, 928 F. Supp. 1279, 1291 (S.D.N.Y. 1996) ("*Blech*"). The Second Circuit further held that "[b]ecause a claim for market manipulation requires a showing of scienter, the PSRLA's heightened standards for pleading scienter also apply." *ATSI*, 493 F.3d 102. Although the court in *Sillerman* did not cite these controlling standards, Second Circuit precedent requires that this Court apply them when deciding Defendants' pending Motion to Dismiss.

Further, although the *Sillerman* court effectively endorsed the group pleading doctrine by holding that "Plaintiffs need not allege the specific roles played by the individual Director Defendants," it cited only *Blech* in support of this holding. *Blech*, 928 F. Supp. 1291. But *Blech* was decided just after the enactment of the PSLRA. Much debate subsequently ensued about the continued viability of the group pleading doctrine, and numerous courts both within and outside this jurisdiction have since abandoned the doctrine as inconsistent with the PSLRA. *See* Mem. in Supp. of Defs.' Mot. to Dismiss 24-25. The *Sillerman* court made no attempt to address or distinguish this persuasive line of cases, and it provides this Court with no reason why it should embrace the group pleading doctrine in the face of this authority. Yet even if the group pleading doctrine were still viable, this jurisdiction has long-held that plaintiffs must—at a minimum— plead the element of scienter as to each individual defendant and cannot rely on the group pleading doctrine to satisfy this burden. *Id*.

For the foregoing reasons, Defendants respectfully submit that *Sillerman* has no bearing on the outcome of Defendant's pending Motion to Dismiss.

September 15, 2016

Respectfully Submitted,

 /s/ David H. Kistenbroker

David H. Kistenbroker, Admitted Pro Hac Vice
Carl E. Volz
Melanie C. MacKay, Admitted Pro Hac Vice
DECHERT LLP
35 W. Wacker Drive,  Suite 3400
Chicago, Illinois 60601
Telephone: 312-646-5800
Facsimile: 312-646-5858
david.kistenbroker@dechert.com
carl.volz@dechert.com
melanie.mackay@dechert.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2016 the above document was filed through the

ECF system for electronic service to the registered participants.

/s/ Carl. E. Volz
Carl E. Volz
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: 312-646-5800
Facsimile: 312-646-5858
carl.volz@dechert.com

*Counsel for Defendants*