USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

KEVIN CORTINA, et al.,

                Plaintiffs,

-v-

ANAVEX LIFE SCIENCES CORP., et al.,
                Defendants.
-------------------------------------------------------------X

15 **CIVIL** 10162 (JMF)

**JUDGMENT**

Defendants having moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' claims, and the matter having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on December 29, 2016, having rendered its Opinion and Order dismissing Plaintiffs' claims under Section 10(b) and Rule 10b-5. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation," also fail. See, e.g., First Jersey Sec., Inc., 101 F.3d at 1472. That leaves only the question of whether Plaintiffs' should be granted leave to amend their complaint for a second time, as they perfunctorily request in a footnote at the end of the memorandum of law in opposition to Defendants' motion. (See Pls.' Opp'n 19 n.13). The Court declines to grant Plaintiffs' request for a combination of three reasons. First, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive... it is not an abuse of discretion to deny leave to amend."). Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in the opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir.

2014) ("A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file a first amended complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss. (See Docket No. 64). See, e.g., Clark, 2014 WL 4054284, at *15 (holding that the Plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient grounds to deny leave to amend"); see also, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the Plaintiff had received to amend the complaint); and directing the Clerk of Court to close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated December 29, 2016, Plaintiffs' claims under Section 10(b) and Rule 10b-5 must be and are dismissed. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation," also fail. See, e.g., First Jersey Sec., Inc., 101 F.3d at 1472. That leaves only the question of whether Plaintiffs' should be granted leave to amend their complaint for a second time, as they perfunctorily request in a footnote at the end of the memorandum of law in opposition to Defendants' motion. (See Pls.' Opp'n 19 n.13). The Court has declined to grant Plaintiffs' request for a combination of three reasons. First, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive... it is not an abuse of discretion to deny leave to amend."). Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in the opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); see also

TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A Plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file a first amended complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss. (See Docket No. 64). See, e.g., Clark, 2014 WL 4054284, at *15 (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient grounds to deny leave to amend"); see also, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the Plaintiff had received to amend the complaint); accordingly, the case is closed.

**Dated:**  New York, New York
December 29, 2016

RUBY J. KRAJICK

_____
**Clerk of Court**

**BY:**

_____
**Deputy Clerk**